**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| INVACARE CORPORATION, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> DESERT MEDICAL EQUIPMENT, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No.: 2:16-cv-00190-GMN-CWH <br><br> **ORDER** |

Before the Court is Defendant Desert Medical Equipment's September 11, 2020 letter regarding the following sequence of events.

On November 21, 2019, Plaintiff Invacare Corporation ("Plaintiff") filed a Stipulated Confession of Judgment, (ECF No. 30), executed by the parties, which stated that

> Desert Medical and Schultz hereby acknowledge, agree, admit, and confess that there is money actually and justly due from them to Invacare in the sum of $50,000, less any money received by Invacare under Section 2 of the Agreement from Desert Medical and Schultz, and *hereby authorize the Clerk of the United States District Court, District of Nevada to enter judgment against them for that amount* . . .

(Confession of J. ¶ 3, ECF No. 30) (emphasis added).

On December 17, 2019, Plaintiff filed an Affidavit and Request for Issuance of Writ of Execution, (ECF No. 31).

On January 2, 2020, Plaintiff filed a Satisfaction of Judgment, (ECF No. 35), stating that Plaintiff "acknowledges full satisfaction of the Confession of Judgment entered November 21, 2019 against Defendants . . . ." (Satisfaction of J. at 1, ECF No. 35).  No such judgment had been entered as of that date.  Further, the Satisfaction of Judgment did not state that Plaintiff

was withdrawing the request for relief it previously made in the Stipulated Confession of Judgment, (ECF No. 30), or the Request for Issuance of Writ of Execution, (ECF No. 31).

On September 8, 2020, the Court granted the Stipulated Confession of Judgment, (ECF No. 30), and on September 16, 2020, the Court granted the Request for Issuance of Writ of Execution, (ECF No. 31). (Order, ECF No. 36); (Writ of Execution, ECF No. 37).

The Court is now in receipt of a September 11, 2020 letter from Defendant Desert Medical Equipment ("Defendant") in which defense counsel explains that he and Plaintiff's counsel are "unsure how [the Court's Order, (ECF No. 36), granting the Stipulated Confession of Judgment] was entered as neither party requested it." (Sept. 11, 2020 letter, Ex. A).

In light of Defendant's September 11, 2020 letter, **IT IS HEREBY ORDERED** that the parties shall have until October 9, 2020 to file a new satisfaction of judgment or a joint status report clarifying the standing of the parties.

**DATED** this   30   day of September, 2020.

_____
Gloria M. Navarro, District Judge
United States District Court

# EXHIBIT A

September 11, 2020 letter from defense counsel



ALBERT G. MARQUIS
PHILLIP S. AURBACH
AVECE M. HIGBEE
TERRY A. COFFING
SCOTT A. MARQUIS
JACK CHEN MIN JUAN
CRAIG R. ANDERSON
TERRY A. MOORE
GERALDINE TOMICH
NICHOLAS D. CROSBY
TYE S. HANSEEN
DAVID G. ALLEMAN
CODY S. MOUNTEER
CHAD F. CLEMENT
CHRISTIAN T. BALDUCCI

JARED M. MOSER
MICHAEL D. MAUPIN
KATHLEEN A. WILDE
JACKIE V. NICHOLS
RACHEL S. TYGRET
JORDAN B. PEEL
JAMES A. BECKSTROM
COLLIN M. JAYNE
ALEXANDER K. CALAWAY
SCOTT W. CARDENAS
SUSAN E. GILLESPIE

JOHN M. SACCO [RET.]
LANCE C. EARL
WILLIAM P. WRIGHT
BRIAN R. HARDY
JENNIFER L. MICHELI
OF COUNSEL

DIRECT LINE: (702) 942-2136
DIRECT FAX: (702) 382-5816
EMAIL: TCOFFING@MACLAW.COM

September 11, 2020

Judge Gloria M. Navarro
United States District Court
333 Las Vegas Blvd. South
Las Vegas, NV 89101

Re:  Invacare Corp. v. Desert Medical Equipment, et al.
     Case No. 2:16-cv-00190-GMN-CWH
     Our File No. 11933-5

Dear Judge Navarro:

I write to identify a confusing sequence of events and hopefully correct what may well be a clerical error. Specifically, on September 8, 2020, ECF No. 36 was filed, which is a Confession of Judgment that was executed by my client back in June of 2017. This Confession of Judgment was executed pursuant to a settlement agreement reached with the plaintiff. However, ECF No. 35 is a Satisfaction of Judgment which indicates, truthfully so, that this judgment had been satisfied in full.

I spoke to opposing counsel, Mr. LaForge and he was equally confused by this turn of events. Both of us were unsure how this document was entered as neither party requested it.

It would seem a simple solution could be either resubmitting a new Satisfaction of Judgment unless the court would voluntarily retract ECF No. 36. Thank you for taking the time to address this issue.

Sincerely,

MARQUIS AURBACH COFFING

Terry A. Coffing, Esq.

TAC:sm
cc:  LaForge, Esq. (via email)
     Client (via email)

MAC:11933-005 4142299_1 9/11/2020 8:26 AM

10001 Park Run Drive • Las Vegas, NV 89145 • Phone 702.382.0711 • Fax 702.382.5816 • maclaw.com